UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

F. Ronald Elmo, W. Scott
Schimpf, Guardian Fire
Equipment Company, and
Guardian Fire Equipment, LLC

  v.             Civil No. 10-cv-286-JL

James M. Callahan, Bowditch
& Dewey, LLP, Brighton,
Runyon & Callahan, PA, Steve
Lawrence, and Rosecliff
Partners, LLC

**PROCEDURAL ORDER**

In this action, filed in this court over one and a half years ago, plaintiffs F. Ronald Elmo, W. Scott Schimpf, Guardian Fire Equipment Company, and Guardian Fire Equipment, LLC assert various state-law claims against James M. Callahan, Bowditch & Dewey, LLP; Brighton, Runyon & Callahan, PA; Steve Lawrence; and Rosecliff Partners.  The parties have already conducted a good deal of discovery in this matter.  The deadline for summary judgment motions is two months away, and trial is currently scheduled to commence in a little less than six months.  Despite the advanced posture of this case, the court wants to ensure that the good deal of time and effort put forth by all sides has not been for naught.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v.

Guardian Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994).  A federal court must vigilantly police the borders of its jurisdiction; it is "duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte."  Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011).  "An absence of subject matter jurisdiction can be raised at any time," Connectu LLC v. Zuckerberg, 522 F.3d 82, 86 n.2 (1st Cir. 2008), and may even be raised for the first time on appeal, Spooner, 644 F.3d at 67.  In the present action, the court is concerned about its subject-matter jurisdiction.

With respect to this court's jurisdiction, the complaint is facially deficient in one particularly notable respect.  Federal Rule of Civil Procedure 8(a)(1), which aids courts in assessing their jurisdiction over the actions brought before them, requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Plaintiffs' complaint does not contain such a statement.

It is possible to infer from the complaint that plaintiffs sought to invoke this court's diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1).  Plaintiffs assert only claims under state law, the amount in controversy is well in excess of $75,000, and, based upon the allegations in the complaint, the plaintiffs might very well be citizens of different states than the defendants.  As to the latter point, the complaint alleges that (1) Elmo is a

Pennsylvania resident; (2) Schimpf is a Pennsylvania resident; (3) the two Guardian entities are Pennsylvania companies with principal offices in Pennsylvania; (4) Callahan has a New Hampshire address and is an attorney licensed in New Hampshire; (5) Bowditch & Dewey is a Massachusetts partnership registered in New Hampshire; (6) Brighton, Runyon & Callahan is a New Hampshire professional association; (7) Lawrence has a New Hampshire address; and (8) Rosecliff Partners is a New Hampshire limited liability company.

For purposes of diversity jurisdiction, however, few if any of these allegations sufficiently identifies the citizenship of a party.  Unincorporated entities, such as the two Guardian entities; Bowditch & Dewey; Brighton, Runyon & Callahan; and Rosecliff Partners, are deemed to be citizens of the same states as each of their members or partners. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011).  Neither the complaint nor any other filing in this action contains any information regarding the citizenship of the members of any of these entities.  And the citizenship of individuals, such as Elmo, Schimpf, Callahan, and Lawrence, is determined not by residence or address, but by domicile, i.e., "the place where one is present and intends to stay." Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 32 (1st Cir. 2011).  "A bare statement of residence or address only informs

the Court as to where the plaintiff lives, not of which state he is a citizen and domiciliary." Lefkowitz v. Lider, 443 F. Supp. 352, 355 (D. Mass. 1978).

Based upon the information currently before it, then, the court cannot be certain of the citizenship of any of the parties to this action, and consequently cannot be certain whether it has diversity jurisdiction (or any other kind of subject-matter jurisdiction) over this action.  Accordingly, no later than **March 30, 2012,** counsel for the plaintiffs shall file an affidavit of jurisdictional facts specifying the grounds for this court's jurisdiction.  To the extent plaintiffs seek to invoke this court's diversity jurisdiction, the affidavit shall describe, to the best of plaintiffs' knowledge or belief:

1. The identities and place of citizenship of all members or partners of Guardian Fire Equipment Company; Guardian Fire Equipment, LLC; Bowditch & Dewey, LLP; Brighton, Runyon & Callahan, PA; and Rosecliff Partners, LLC as of the date this action was filed; and

2. The places of domicile of F. Ronald Elmo, W. Scott Schimpf,[1] James M. Callahan, and Steve Lawrence as of the date this action was filed.

---

[1] The court is aware that Schimpf passed away during the pendency of this action, and that his executrix was substituted as a plaintiff in his stead.  See Order of June 9, 2011.  That substitution is not relevant here.  Citizenship in diversity cases is determined as of the date of commencement of an action, Connectu, 522 F.3d at 91, and in any event, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent," 28 U.S.C. § 1332(c)(2).

In determining the place of citizenship of the members or partners of Guardian Fire Equipment Company; Guardian Fire Equipment, LLC; Bowditch & Dewey, LLP; Brighton, Runyon & Callahan, PA; and Rosecliff Partners, LLC plaintiffs are reminded that, if any of those parties' members or partners are themselves unincorporated entities, then the citizenship of each of the members or partners of those entities must also be determined. [D. B. Zwirn, 661 F.3d at 126-27](). If defendants contest any of the facts set forth in the affidavit, they shall inform the court within seven days of its filing.

Failure to comply with this order will result in dismissal of the case for failure to show subject-matter jurisdiction.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 9, 2012

cc: Richard E. Fradette, Esq.
Scott H. Harris, Esq.
Steven J. Dutton, Esq.
Holly R. Jones, Esq.
Gregory A. Moffett, Esq.
Kenneth Eric Rubinstein, Esq.
William C. Saturley, Esq.
Mark E. Howard, Esq.